**WESTERN BUSINESS SYSTEMS, INC., et al., Plaintiffs,**

**v.**

**The Honorable Lewis R. SLATON, as District Attorney, Atlanta Judicial Circuit; George Napper, in his capacity as Chief of Police for the City of Atlanta, Honorable Arthur K. Bolton, as Attorney General for the State of Georgia, Pursuant to Title 28, U.S.C. 2403(b), Defendants.**

**Civ. A. No. C80–1093A.**

United States District Court, N. D. Georgia, Atlanta Division.

July 17, 1980.

Charles W. Boyle, Atlanta, Ga., for plaintiffs.

H. Allen Moye, Atlanta, Ga., for Lewis R. Slaton.

Ferrin Y. Mathews, Atlanta, Ga., for George Napper.

Daryl A. Robinson, Atlanta, Ga., for Arthur K. Bolton.

## ORDER

ROBERT H. HALL, District Judge.

On July 15, 1980, a hearing was held in this case on plaintiffs' Motion for Preliminary Injunction against enforcement by defendants of part of the "Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act" (Ga.Code § 26–3401 et seq.). That Act became effective July 1, 1980. In their complaint, plaintiffs state that they are attempting to prohibit prospectively only RICO prosecutions based on the predicate crime of obscenity—not other predicate crimes. See Ga.Code § 26–3402(a)(12).

The plaintiffs are purveyors of sexually explicit materials. Both sides agreed at the

hearing that no evidence would be presented. The court heard argument of counsel for plaintiffs and defendants. Counsel have stipulated orally to the court that there are no pending RICO prosecutions against the plaintiffs.

The court ruled, and so informed counsel from the bench, that an injunction under Rule 65, Fed.R.Civ.P. is not warranted for the following reasons.

Initially, defendants urge that plaintiffs are not proper parties to bring this suit. The court reserves ruling on this issue, finding on other grounds that no injunction should issue.

For purposes of seeking an injunction, plaintiffs seem to urge that the statute constitutes a prior restraint on First Amendment freedoms by allowing certain presumptively protected materials to be forfeited to the state, and by increasing (in effect) the penalties for an obscenity conviction.

At this preliminary point in the litigation, it seems to the court that plaintiffs have grounded the prior restraint portion of their case on a misreading of the statute. Plaintiffs' argument assumes that printed materials would be subject to forfeiture under Ga.Code § 26–3405 *because* the owner-operator had two prior obscenity convictions in connection with this or other businesses, and the forfeited materials were used in the same kind of business. They argue that the statute thus allows forfeiture of printed matter on the basis that it is probably obscene, and therefore this constitutes a prior restraint. This attempted reading does great violence to the words of the statute.

As the court reads the statute, Ga.Code § 26–3403 prohibits the acquisition even of legitimate businesses with the proceeds of racketeering (as defined). Under § 26–3405 all property, of whatever nature ·and no matter how inoffensive, if it is acquired with racketeering proceeds, is subject to forfeiture to the state. These chattels might be anything from gardening equipment to cook books, and might also be sexually explicit materials. Forfeiture could apply to any chattel whatever, if it was acquired with the proceeds of racketeering. Thus, if the items seized are books or movie films, the seizure is totally unrelated to their contents. They would be forfeited under the statute not because of any likelihood of obscenity, but because they were personal property realized through or derived from crime.

Similarly, the law enforcement officer authorized by § 26–3405(d)(2) to seize materials prior to the filing of a complaint, would be seizing them upon probable cause to believe that they were subject to forfeiture, and not—as plaintiffs argue—upon his personal judgment that the objects are obscene. We must keep in mind that these objects may be anything. Finally, the destruction of contraband authorized by § 26–3405(i)(1) must follow a "judgment of forfeiture" (Ga.Code § 26–3405(i)) and an additional determination by the court that the items in question are "contraband, the possession of which is illegal."

The threat to constitutional freedoms which plaintiffs allegedly fear is that a policeman will be empowered by this statute to enter a book store whose owner has two prior obscenity convictions; to declare that in his judgment everything in sight is probably obscene and therefore is subject to forfeiture; and to haul it into the street out front and burn it forthwith. As the above discussion of the statute shows, this scenario is pure fantasy, and the forfeiture portion of plaintiffs' argument shows no prior restraint calling for preliminary injunction. The court finds that plaintiffs' arguments regarding the forfeiture provisions are inadequate to create a genuine suppression-of-speech issue. In fact, one attorney for plaintiffs practically conceded that no First Amendment issue would be presented if the materials were seized for some reason other than their obscenity.

The other leg of plaintiffs' argument is soon disposed of. Plaintiffs urge that those purveyors of sexually explicit materials with a prior obscenity conviction are now faced with greater penalties should they incur a second such conviction because the second conviction could result in a RICO

prosecution. Thus, such persons will quickly strip their shelves of any questionable materials, and this has the effect of inhibiting free expression.

In this particular respect, the RICO Act operates much as a recidivism statute would. Thus, the issue presented is actually one of the appropriateness of a sentence for crime. The alleged inappropriateness of a state criminal sentence, on these facts, presents no realistic threat to First Amendment rights sufficient to require this court to enter an injunction against criminal prosecution. *Douglas v. City of Jeannette*, 319 U.S. 157, 163–164, 63 S.Ct. 877, 880–881, 87 L.Ed. 1324 (1943).

In conclusion, the court finds that plaintiffs have not shown any significant infringement of First Amendment rights; are not in substantial need of protection; have shown no irreparable harm threatened to themselves from enforcement of this statute pending resolution of this suit; and on the basis of the arguments presented to date have shown little likelihood of eventual success on the merits of their constitutional attack on the Georgia RICO Act. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975); *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); 11 Wright & Miller, Federal Practice & Procedure § 2948 (1973). Having balanced the equities and injuries to the parties, the court in its discretion will deny the injunction.

The plaintiffs' motion for preliminary injunction is hereby DENIED.