702 P.2d 1343

**The STATE of Arizona, Appellee,**

v.

**Elier Conde SERRANO, Appellant.**

**No. 2 CA–CR 3584.**

Court of Appeals of Arizona,
Division 2, Department A.

March 11, 1985.

Review Denied May 7, 1985.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Curtis & Cunningham by George Haskel Curtis, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Pursuant to his change of plea, the court convicted appellant of criminal trespass

with a prior conviction, designated the conviction as a felony and placed appellant on three years' probation.

On March 24, 1984, at approximately 2 a.m., student Carlos O'Campo walked out of the Yuma dormitory at the University of Arizona and noticed appellant walking into some bushes which lined one side of the dorm. After watching appellant for a while, he noticed that appellant looked into one of the lighted windows. Although it had venetian blinds, there were "cracks in the window." Mr. O'Campo kept watching appellant and at one point noticed that appellant would hide behind the bushes when passing traffic lighted the area. After the traffic passed, appellant went back to the window.

O'Campo went to obtain the help of a friend and after watching appellant for approximately five minutes, O'Campo and his friend grabbed him and held him for the arrival of the police.

On March 26, 1984, a petition to revoke probation was filed. The petition alleged that on or about March 24, 1984, appellant committed the offense of criminal trespass. After an evidentiary hearing, the court found that appellant had violated his probation. Appellant was continued on probation, subject to incarceration in the Pima County Jail for four months.

Appellant first contends that our "peeping tom" statute, A.R.S. § 13–1504(A)(2) is unconstitutionally vague. He also contends that the state failed to prove by a preponderance of the evidence that he had violated the conditions of his probation. We do not agree with either of these contentions and therefore affirm.

A.R.S. § 13–1504(A)(2) provides that a person commits criminal trespass in the first degree by knowingly "entering any residential yard and, without lawful authority, looking into the residential structure thereon in reckless disregard of infringing on the inhabitant's right of privacy."

■ The threshold principles upon which we review the constitutionality of a statute are found in *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978):

"* * * There is a presumption that the legislature acts constitutionally and when there is a reasonable, even though debatable, basis for the enactment of a statute, reviewing courts will uphold the act unless it is clearly unconstitutional. [citation omitted] Thus, the burden rests on one challenging the validity of a statute to establish that it infringes upon some constitutional guarantee or violates some constitutional principle...." 119 Ariz. at 48, 579 P.2d 542.

Furthermore, we will not declare a legislative act unconstitutional unless satisfied beyond a reasonable doubt of its unconstitutionality. *State v. Gastelum,* 75 Ariz. 271, 255 P.2d 203 (1953).

■ The basic rule in reviewing a statute for vagueness is to determine whether the offense is defined in terms that people of average intelligence can understand, since no one may be required at the risk of his liberty to speculate as to the meaning of a penal statute. *State v. Bateman,* 113 Ariz. 107, 547 P.2d 6, cert. denied 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976). However, a penal statute is not unconstitutionally vague simply because it uses terms with which the average person is unfamiliar. *State v. Varela,* 120 Ariz. 596, 587 P.2d 1173 (1978).

In advancing these arguments, appellant first questions what the statute means when it says that "reckless disregard" of an inhabitant's privacy must be present.

■ A general definition of recklessness that is generally applicable throughout the Arizona Criminal Code is contained in A.R.S. § 13–105(5):

"(c) 'Recklessly' means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that a circumstance exists. The risk must be of

such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in a situation. A person creates such a risk but if unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk."

We believe that recklessness as defined above is the mental element that the state must prove to establish a violation of A.R.S. § 13–1504(A)(2).

Applying the statutory definition of recklessness to the "peeping tom" statute leads to the conclusion that the state must first establish that, under all the circumstances and evidence, the risk that there will be an infringement on the inhabitant's right of privacy is so great "that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation...." This facet of recklessness is objectively based. The state must further prove actual awareness by the accused of the risk that there will be an infringement of the inhabitant's right of privacy. This second facet of recklessness requires subjective knowledge of the risk by the accused before conviction can be had. The foregoing analysis of the statute is the same analysis that was applied by the court in *Andrew v. State*, 653 P.2d 1063 (Alaska Ct.App.1982) where the Alaska court had before it an attack on its "theft by receiving" statute which made it "theft by receiving" if a person bought, received, concealed or disposed of stolen property with reckless disregard that the property was stolen.[1] We agree with the Alaska court that the twofold standard of recklessness is sufficiently precise to be understood and applied by persons of ordinary intelligence and we hold that A.R.S. § 13–1504(A)(2) is not impermissibly vague.

Appellant contends that even if the statute is constitutional the trial judge erred in finding that he violated the terms of his probation. Appellant's main claim is that the evidence must show what sort of room was looked into and that somebody was actually seen. We disagree with this contention. The prohibited act is looking into the residential structure with the requisite wrongful purpose or intent. If the act and intent are in concurrence, the crime is complete regardless of what or who may or may not be subject to the perpetrator's unlawful gaze. See *Chance v. State*, 154 Ga.App. 543, 268 S.E.2d 737 (1980).

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.

---

**1.** The Alaska Criminal Code contains a definition of the word "recklessly" that is almost identical to ours.