745 P.2d 146
**STATE of Arizona, Appellant,**

v.

**Steven FELD, Larry Chabler, Appellees.**

**No. 1 CA–CR 9471.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 4, 1987.

Review Denied Dec. 1, 1987.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Randy H. Wakefield, Deputy Co. Attys., Phoenix, for appellant State.

Richard J. Hertzberg, Phoenix, for appellees Feld and Chabler.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Div., Katrin M. Nelson, John B. Shadegg, Joseph M. Hennelly, Jr., Asst. Attys. Gen., Phoenix, amicus curiae.

## OPINION

CORCORAN, Judge.

Defendants Steven Feld and Larry Chabler were charged by Count I of the criminal indictment with conducting an illegal enterprise through racketeering. The other three counts of the indictment alleged the exhibition of obscene films by various combinations of the individual defendants and a corporate defendant, C.A.T., Inc., dba Erotica Motel. Defendants Feld and Chabler moved to dismiss Count I and the trial court granted the motion and the state appealed. *See* A.R.S. § 13–4032(1); *Litak v. Scott*, 138 Ariz. 599, 676 P.2d 631 (1984). C.A.T., Inc. is not a party to this appeal. Defendants moved to delay trial of the other counts pending resolution of this appeal. The motion was granted. We vacate

the order of dismissal and reinstate Count I.

The trial court explained its reasoning for granting the motion to dismiss, which we summarize as follows:

1. The pre-conviction remedies of A.R.S. § 13–2314(C) constitute impermissible prior restraints on protected expression when employed in RICO/obscenity prosecutions.

2. Similarly, the post-conviction remedies of § 13–2314(D) are generally inappropriate for application in obscenity cases.

3. To try to interpret § 13–2314(B), (C) and (D) in such a way as to render them constitutional would require a tortuous interpretation which would not reflect the legislature's intent.

4. The civil burden of proof made applicable by § 13–2314(F) further complicates the constitutional problems of the remedies.

5. Once the civil remedies of § 13–2314 have been made inapplicable to obscenity prosecutions, to allow the use of obscenity as a predicate offense for racketeering makes no sense, because the only remaining effect is to convert conduct that is a class 6 felony under A.R.S. § 13–3502 into a class 3 felony under § 13–2312, which cannot be the legislative intent in making obscenity a predicate offense under the RICO statutes.

The issue presented is whether the trial court erred by finding that the Arizona organized crime and fraud statutes (RICO), A.R.S. § 13–2301 *et seq.*, are unconstitutional as applied to obscenity proceedings, and by granting defendants' motion to dismiss Count I. RICO is an acronym for the federal Racketeer Influenced and Corrupt Organizations statutes, 18 U.S.C. § 1961 *et seq.*, upon which the Arizona racketeering statutes are based. *See* A.R.S. §§ 13–2312 to –2315, Historical Notes; *Baines v. Superior Court*, 142 Ariz. 145, 148, 688 P.2d 1037, 1040 (App.1984).

Under RICO,

["r]acketeering" means any act, including any preparatory or completed offense, committed for financial gain, which is chargeable or indictable under the laws of the state in which the act occurred ... and punishable by imprisonment for more than one year, regardless of whether such act is charged or indicted, involving: ... [o]bscenity.

A.R.S. § 13–2301(D)(4). A.R.S. § 13–3501(2) defines an item as obscene when: (a) the "average person, applying contemporary state standards, would find that the item, taken as a whole, appeals to the prurient interest; ... (b) [such person] would find that the item depicts or describes, in a patently offensive way, sexual activity; ... [and] (c) [t]he item, taken as a whole, lacks serious literary, artistic, political or scientific value." [1]

The state argues that the remedies set forth in A.R.S. § 13–2314 are constitutional on their face, and if not, must be interpreted in such a way as to be constitutional, if possible. The state also urges that even if some remedies are unconstitutional, the trial court was not justified in finding that obscenity could not be used as a predicate offense under the RICO statutes. Defendants urge that the majority of the prejudgment and post-judgment RICO remedies are unconstitutional as applied to obsceni-

---

**1.** The United States Supreme Court's opinion in *Pope v. Illinois,* — U.S. —, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), does not affect our statute. In *Pope,* the court reaffirmed the tripartite test for judging whether material is obscene, as articulated in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The court noted that *Smith v. United States,* 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977), held that

[T]he first and second prongs of the *Miller* test—appeal to prurient interest and patent offensiveness—are issues of fact for the jury to determine applying contemporary community standards.

. . . .

[As to *Miller's* third prong], [t]he proper inquiry is not whether an ordinary member of any given community would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.

— U.S. at —, 107 S.Ct. at 1920–21, 95 L.Ed.2d at 445. Thus, the third prong of A.R.S. § 13–3501(2) must be analyzed according to this reasonable person standard, which is entirely consistent with the language in our statute.

ty, and that it makes little sense for the court to try to save any of the provisions once the unconstitutional portions thereof are excised. Defendants also argue that the crime of illegally conducting an enterprise through obscenity is unconstitutionally vague.

■ We need not here recount the long history of the law dealing with obscenity. *See State ex rel. Collins v. Superior Court [Scott],* Ariz., No. 17962–SA (1986). In general, publications are presumed to be protected from governmental interference pursuant to the first amendment of the United States Constitution. *Roaden v. Kentucky,* 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). Obscenity is not within the area of constitutionally protected speech or press and may therefore be regulated by the State. *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *State v. Book-Cellar, Inc.,* 139 Ariz. 525, 679 P.2d 548 (App.1984). However, "[w]hile obscenity is not constitutionally protected, the procedure by which we determine what is obscene, unprotected speech directly implicates the first amendment because the threat of criminal prosecution chills freedom of expression." *State ex rel. Collins v. Superior Court [Scott],* (dissent). The line between protected and unprotected speech is finely drawn and requires the use of sensitive tools to discern and enforce the boundary. *E.g., Erznoznik v. City of Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975). The legislature, by making obscenity a predicate offense under the racketeering statute, has called into question the constitutionality of some portions of RICO when applied to obscenity because the remedies which are appropriate to other RICO criminal offenses are unconstitutionally overbroad in the obscenity area when applied to protected speech as opposed to unprotected obscenity.

■ Nevertheless, courts strive to save statutes which may be interpreted to be constitutional. *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985); *State ex rel. Kidwell v.*

*U.S. Mktg., Inc.,* 102 Idaho 451, 631 P.2d 622 (1981), *appeal dismissed,* 455 U.S. 1009, 102 S.Ct. 1649, 71 L.Ed.2d 878 (1982). Thus, in interpreting Arizona statutes dealing with obscenity this court has, when possible, given the questioned statute a constitutional construction. *Book-Cellar,* 139 Ariz. at 528, 679 P.2d at 551. Our duty is to uphold statutes, even if they are not artfully drawn. *Id.* By adding obscenity as a predicate offense in § 13–2301, the legislature manifested an intent that where obscenity is connected to racketeering, it needs to be dealt with in the racketeering statutes, rather than solely through the obscenity statutes, A.R.S. § 13–3501 *et seq.,* or nuisance statutes, A.R.S. § 12–811 *et seq.* We therefore strive to interpret the questioned statutes to effect that intent, to the extent that is constitutionally permissible.

### 1. *Standing*

Initially, we must determine whether defendants have standing to challenge the constitutionality of RICO as applied to obscenity charges.

The state asserts that it will not attempt to seize items or close businesses before trial, but will only request orders necessary to maintain the status quo. Thus, it might be argued that defendants have no standing to contest what the state *might* do. Although the state in its original brief "submits it would be a waste of judicial economy to decide this case on the basis that the trial court's ruling was premature," and that "the state agrees that the trial court's ruling should be considered on appeal in its entirety," in its supplemental brief, the state argues that defendants cannot challenge the facial validity of the statute because defendants' activities are clearly obscene. We disagree.

■ First, even if the items for which defendants are prosecuted are clearly obscene, we must presume that the other activities of defendants are protected activity. The possible chilling effect of the RICO remedies on presumptively protected activities and the fact that defendants are being prosecuted and could be subject to

any of the remedies set forth in § 13–2314 entitles them to contest the constitutionality of § 13–2314 and requires the court to do a facial analysis of the statute before prosecution proceeds. *Polykoff v. Collins,* 816 F.2d 1326 (9th Cir.1987); *J–R Dist., Inc. v. Eikenberry,* 725 F.2d 482 (9th Cir. 1984), *rev'd on other grounds sub nom. Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). *See also State v. Tocco,* 1 CA–CR 7480, slip op. at 4 (Ariz.App. Dec. 2, 1986), review pending in CR–87–0032–PR (April 7, 1987); *Western Business Sys., Inc. v. Slaton,* 492 F.Supp. 513 (N.D.Ga.1980). As stated in the dissent in *State v. Superior Court.* "The threat of unbridled and unhindered criminal prosecution is bound to have a chilling effect upon publishers, libraries, motion picture exhibitors and the like." Moreover, our consideration of § 13–2314 indicates grave constitutional problems which would plague RICO obscenity prosecutions and affect protected activities without judicial guidance as to what constitutional limits must be placed on such prosecutions.

## 2. *Vagueness*

■ Section 13–2312(B), under which defendants were charged, provides:

A person commits illegally conducting an enterprise if such person is employed or associated with any enterprise and conducts or participates in the conduct of such enterprise's affairs through racketeering [i.e., obscenity].

Section 13–2312(C) makes that act a class 3 felony. We reject defendants' argument that illegally conducting an enterprise through obscenity is an unconstitutionally vague offense. The basic test for determining whether a statute is unconstitutionally vague is whether the offense is defined in terms that people of average intelligence can understand, since no one may be required, at the risk of his liberty, to speculate as to the meaning of a penal statute. *State v. Serrano,* 145 Ariz. 498, 702 P.2d 1343 (App.1985).

In *Tocco,* the defendant argued that the crime of leading organized crime, as set forth in A.R.S. § 13–2308, was unconstitutionally vague. This court held that

A commonsense reading of the statute demonstrates a legislative intent to punish only those individuals who cooperate with a combination of individuals or businesses with the intent to assist them in violating Arizona's felony statutes on a continuing basis. The statute does not reach any constitutionally protected conduct and its proscriptions are easily understood by persons of ordinary intelligence.

Slip op. at 9. The court concluded that the crime of leading organized crime was not unconstitutionally vague. Slip op. at 13.

In *Baines v. Superior Court,* 142 Ariz. 145, 688 P.2d 1037 (App.1984), Division Two of this court stated that the essential elements of illegally conducting an enterprise are:

(1) defendant was employed by or associated with the enterprise;

(2) that he conducted or participated in the conduct of the affairs of the enterprise;

(3) that he conducted or participated in the conduct of the affairs of the enterprise through racketeering (i.e., through the commission of at least one predicate offense).

142 Ariz. at 149, 688 P.2d at 1041. Here the predicate offense of obscenity is referable to the Arizona obscenity statutes, A.R.S. § 13–3501 *et seq.* The definition of racketeering requires that the crime be for financial gain and punishable by imprisonment for more than one year. A.R.S. § 13–2301(D)(4). Further, § 13–2312(C) requires a knowing violation. The scienter requirement increases the notice to defendant that his conduct is prohibited and prevents arbitrary and discriminatory enforcement. *Tocco,* slip op. at 13. Thus, we find that § 13–2312(B) is not void for vagueness.

■ In *Tocco,* this court distinguished Ohio's organized crime statute which was struck down in *State v. Young,* 62 Ohio St.2d 370, 406 N.E.2d 499, *cert. denied,* 449

U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980). Defendants have extensively cited *Young* in support of their vagueness argument. The Arizona statutes do not suffer from the deficiency of the Ohio statute because they do not punish a person who pursues legal activities. *Tocco,* slip op. at 8. Section 13–2312(B) makes conduct through an enterprise illegal only if it is "through racketeering." Thus, a defendant is criminally liable in a RICO obscenity prosecution only if he has committed an underlying felony obscenity crime.

### 3. RICO Applied in Obscenity Cases

A more difficult question is presented by the application of the RICO remedies in criminal obscenity prosecutions. The only opinion directly considering the constitutionality of applying RICO remedies in obscenity prosecutions is *4447 Corp. v. Goldsmith,* 479 N.E.2d 578 (Ind.App.1985), *vacated,* 504 N.E.2d 559 (Ind.1987).[2] While the Indiana Supreme Court vacated the intermediate appellate court's opinion in *4447 Corp.,* we discuss the court of appeals' decision because we find it more comprehensive and persuasive than the Indiana Supreme Court's reversal of that decision.

Indiana Code Ann. § 34–4–30.5–2 & –3 provides that after the trial court finds by a preponderance of the evidence that a RICO violation has occurred, it may: (1) order divestiture of a defendant's interest in the business; (2) prohibit defendant from future activities or investments; (3) order dissolution or reorganization of the enterprise; (4) suspend or revoke licenses, permits, or corporate charters; (5) order forfeiture of property; or (6) make any other order deemed appropriate. The trial court in *4447 Corp.* ordered the padlocking of a bookstore which had not yet opened, and later ordered that the prosecution could padlock three operating bookstores and seize their contents. The police proceeded to seize and cart away the entire contents of the three bookstores.

In *4447 Corp.,* the intermediate appellate court invalidated the statutes as applied to obscenity on these grounds: (1) as an impermissible prior restraint; (2) for failure to comply with procedural safeguards; and (3) for failure to employ means that are less restrictive of free expression for regulation of materials presumptively protected by the first amendment. 479 N.E.2d at 585. That court, however, primarily relied on the theory that the statutes were facially invalid as applied to obscenity because they constituted impermissible prior restraints on protected speech and press. *Id.* A clearly impermissible prior restraint was found because the state had padlocked stores and seized books, magazines, films, and other store property, only a small part of which had been alleged to be obscene. *Id.* at 586. The court was especially concerned that the state's pre-conviction actions had effectively prevented the circulation of presumptively protected materials.

The court also was concerned with the potential post-conviction remedy of forfeiture of defendants' real and personal property, including their inventory. The forfeiture remedy extended to presumptively protected materials, and was thus overbroad and facially invalid as a prior restraint. The court rejected the argument that the forfeiture sanctions were not prior restraints, but were merely punishment for criminal offenses, and concluded that forfeiture of licenses or charters were impermissible prior restraints, and noted that the RICO statute:

> may indeed curb the availability of obscenity but cuts a broad swath into the realm of protected expression as well. The consequent overbreadth of these

---

2. In *Western Business Sys., Inc. v. Slaton,* 492 F.Supp. 513, 514 (N.D.Ga.1980), plaintiffs asked the trial court to enjoin possible prospective prosecutions using obscenity as a predicate offense for RICO violations. They argued that forfeiture of property acquired with racketeering proceeds acted as a prior restraint on presumptively protected materials. The court held that there was no first amendment problem because the defendants were not entitled to retain racketeering proceeds, nor were they entitled to property acquired by racketeering proceeds, even if that property consisted of books. The court ruled that denial of the injunction was proper because there was no irreparable harm or likelihood of success on the merits of plaintiffs' claim.

measures with their attendant chilling effect on the exercise of First Amendment rights renders the entire scheme constitutionally invalid. We therefore hold that the injunctive remedies of IC 34–4–30.5–2, and the seizure and forfeiture sanctions of IC 34–30.5–3.–4, constitute facially unconstitutional prior restraints in their application to the predicate offense of obscenity.

479 N.E.2d at 592.

The Indiana Supreme Court vacated the court of appeals' decision and held that the Indiana RICO statutes as they pertain to the predicate offense of obscenity do not violate the first and fourteenth amendments to the United States Constitution. The court decided that the RICO remedies were instituted in an attempt to compel the forfeiture of the proceeds of alleged racketeering activity and not to restrain the future distribution of expressive materials.

We believe the court of appeals' decision and the dissent in the Indiana Supreme Court are better reasoned than the majority opinion from the supreme court. The dissenter stated his "agreement with the thoughtful and thorough opinion" of the court of appeals. Nevertheless, we disagree with the all-or-nothing results of both opinions, invalidating the entire statute or validating it in its entirety, as will be shown below. In interpreting Arizona statutes dealing with obscenity, this court has, when possible, given the questioned statute a constitutional construction. *Book-Cellar.*

#### 4. *Pre-Judgment Remedies*

With the Indiana courts' opinions in mind, we examine the Arizona statutes. A.R.S. § 13–2313 provides that during the pendency of a RICO criminal proceeding pursuant to § 13–2312 the superior court may issue an order pursuant to § 13–2314(B), (C) which provides:

B. The superior court has jurisdiction to prevent, restrain, and remedy racketeering as defined by § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312 after making provision for the rights of all innocent persons affected by such violation and after hearing or trial,

as appropriate, by issuing appropriate orders.

C. Prior to a determination of liability such orders may include, but are not limited to, entering restraining orders or prohibitions or taking such other actions, including the acceptance of satisfactory performance bonds, the creation of receiverships and the enforcement of constructive trusts, in connection with any property or other interest subject to damages, forfeiture or other remedies or restraints pursuant to this section as the court deems proper.

The state argues that the statutory preconviction remedies "do not provide for penalties prior to conviction, but rather only permit a court to preserve the status quo during the pendency of the proceedings." Defendants urge that the statutory scheme for pre-conviction remedies is unconstitutional because it restricts constitutionally protected activities and materials.

██ Section 13–2314(B) merely gives the court jurisdiction to prevent, restrain, or remedy racketeering by issuing appropriate orders, after consideration for the rights of all innocent persons affected by such violation and after a hearing or trial. We find no problem with this very general provision. Injunctions or restraining orders must comply with rule 65(h), Arizona Rules of Civil Procedure. *Book-Cellar.* Moreover, all orders under § 13–2314(B) would be subject to the limitations stated hereinafter.

██ Next, we consider the statutory preconviction remedies set forth in § 13–2314(C). That section sets forth permissible orders, including, but not limited to, restraining orders or prohibitions, including the acceptance of performance bonds for property subject to damages or forfeiture. The state argues that the purpose of § 13–2314(B) is merely to preserve the status quo. One primary and legitimate purpose of a predetermination order would be to ensure that a copy of an allegedly obscene book or movie is available as evidence. *Heller v. New York,* 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973); *City of Phoenix v. Ellwest Stereo Theater,*

21 Ariz.App. 611, 522 P.2d 567 (1974). Also, the court could take measures to ensure that a defendant would not conceal or dispose of the profits made from the sale of obscene items which would properly be subject to post-conviction seizure. While the court could restrain a defendant from moving inventory in its entirety, it could not interfere with continued exhibitions or sales. *Book-Cellar.* Any order requiring action such as forfeiting any property of the business, forfeiting a defendant's interest therein, or closing the business, prior to determination of liability, would be an impermissible prior restraint. Moreover, a preliminary order may not do what a post-conviction order may not do, as we shall discuss. Given these limitations, § 13–2314(C) is constitutional.

### 5. *Post-Judgment Remedies*

We turn now to the post-conviction remedies listed under § 13–2314(D), which states:

D. Following a determination of liability such orders may include, but are not limited to:

1. Ordering any person to divest himself of any interest, direct or indirect, in any enterprise.

2. Imposing reasonable restrictions on the future activities or investments of any person, including prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect the laws of this state, to the extent the constitutions of the United States and this state permit.

3. Ordering dissolution or reorganization of any enterprise.

4. Ordering the payment of treble damages to those persons injured by racketeering as defined in § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312.

5. Ordering the payment of all costs and expenses of the prosecution and investigation of any offense included in the definition of racketeering in § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312, civil and criminal, including reasonable attorney fees, to be paid to the general fund of the state or county which brings the action.

6. Forfeiture to the general fund of the state or county as appropriate to the extent not already ordered to be paid in other damages:

(a) Any property or other interest acquired or maintained by a person in violation of § 13–2312.

(b) Any interest in, security of, claims against or property, office, title, license or contractual right of any kind affording a source of influence over any enterprise or other property which a person has acquired or maintained an interest in or control of, conducted or participated in the conduct of in violation of § 13–2312.

(c) All proceeds traceable to an offense included in the definition of racketeering in § 13–2301, subsection D, paragraph 4 and all monies, negotiable instruments, securities, property and other things of value used or intended to be used to facilitate commission of the offense.

7. Payment to the general fund of the state or county as appropriate of an amount equal to the gain that was acquired or maintained through an offense included in the definition of racketeering in § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312 or that any person is liable for under this section.

The state argues that any order pursuant to § 13–2314(D) is permissible because the defendants have been found guilty of the crime of obscenity and may be punished accordingly.

Subsections (D)(1), (2) and (3) are virtually identical to the Indiana statutory provisions held valid by the Indiana Supreme Court in *4447 Corp.* We agree with the reasoning of the Indiana Court of Appeals in *4447 Corp.*, 479 N.E.2d 578 (Ind. App.1985), and with the dissent in *4447 Corp.*, 504 N.E.2d 559 (Ind.1987), that these sanctions act as a prior restraint upon the sale of privileged matter, and that the effect of the restraint is to close bookstores and theatres. The sanctions restrict future, presumptively protected speech, rather than punishing the distribution of

unprotected speech in the past. 479 N.E.2d at 591 (Ind.App.). To cite an example posed by defendants, under subsection (D)(1), the owners of bookstores which are not known as "adult" or sexually-oriented bookstores could be ordered to divest themselves of any interest in their stores if one store sold a magazine which is adjudged obscene. *See Penthouse Int'l, Ltd. v. McAuliffe*, 610 F.2d 1353 (5th Cir.1980). Alternatively, under subsection (D)(3), the court could dissolve or reorganize the business. Without question, such action would constitute an impermissible prior restraint on protected activities.

Subsection (D)(4) is not applicable to this criminal action because there is no injured person. It apparently creates a private cause of action or right to restitution with treble damages for persons injured through obscenity. *State v. Henderson*, 149 Ariz. 254, 717 P.2d 933 (App.1986). An award thereunder would not appear to constitute an impermissible prior restraint, any more than would a fine imposed on the defendant, a remedy which has been held not to constitute a prior restraint in *Polykoff v. Collins*, 596 F.Supp. 584 (D.Ariz. 1984), *aff'd*, 816 F.2d 1326 (9th Cir.1987).

▪ Similarly, subsection (D)(5), allowing a state or county general fund to be reimbursed for the cost of prosecuting a defendant, is not facially invalid because it does not single out protected interests, but rather applies in all RICO criminal actions and is in the nature of a fine. *Minneapolis Star & Trib. Co. v. Minnesota Comm'r of Rev.*, 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983); *Polykoff.* Selling obscene matter is a crime, and the defendants can reasonably be required to reimburse the state or county for costs of prosecution.

▪ The remedy in subsection (D)(6) —forfeiture of interests or proceeds—is proper to the extent that the obscene materials themselves, or proceeds from materials determined to be obscene, may be seized. *State v. A Motion Picture Entitled "The Bet,"* 219 Kan. 64, 547 P.2d 760

(1976); *United States v. Zang*, 703 F.2d 1186 (10th Cir.1982). Also, as held in *Western Business Systems,* items of the enterprise could be forfeited if they were gains from other racketeering activity. Racketeering proceeds cannot be laundered merely by being invested in bookstores. *4447 Corp.*, 504 N.E.2d 559 (Ind.1987).

On the other hand, profits from the sales of protected materials—i.e., items not adjudged obscene—could not be seized. *J–R Distributors*, 725 F.2d at 494, *rev'd on other grounds sub nom., Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). Also, an order could not forbid the sale of items not yet determined to be obscene. *Universal Amusement Co., Inc. v. Vance*, 587 F.2d 159 (5th Cir.1978), *aff'd*, 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980). Moreover, the court could not order the seizure of bookshelves, cash registers, or similar items. *Book-Cellar*, 139 Ariz. at 533, 679 P.2d at 556.

▪ Subsection (D)(7), allowing payment to a general fund of an amount equal to the "gain" acquired through the obscenity offense, is constitutional for the reasons just stated. The provisions for forfeiture under A.R.S. § 13–2314(F) are similarly limited as stated above. We note that § 13–2314(F)(3) is unconstitutional to any extent that it purports to allow seizure of property used to facilitate an offense where that property is not itself contraband, or traceable to racketeering proceeds. *United States v. Zang; Book-Cellar.*

The last question facing us is whether, having found some of the RICO remedies unconstitutional as applied to obscenity proceedings, we must declare the entire RICO scheme unconstitutional if applied to obscenity prosecutions. Defendants argue that to leave obscenity as a predicate offense without leaving all of the RICO remedies intact frustrates legislative intent. They argue that the only effect of the partial validation is to elevate a class 6 felony under § 13–3502[3] to a class 3 felony

---

**3.** A.R.S. § 13–3502 has recently been amended so that a violation is a class 5 felony. Laws 1986, ch. 411, § 2.

under § 13–2312(C). They submit that the eviscerated version of the statute as applied to obscenity would add nothing to the prosecutorial tools now offered by Arizona obscenity statutes and the provisions of the criminal code. The trial court adopted this reasoning. We disagree.

First, we have not found all the § 13–2314 remedies unconstitutional as applied to obscenity cases. The legislature desired to reach obscenity through the RICO statutes to the extent constitutionally allowed. Where an obscenity statute is in part constitutional and in part unconstitutional, if the parts may stand independently of one another, that which is constitutional may stand, while that which is unconstitutional will be rejected. *Spokane Arcade.*

Second, the legislature, by making obscenity a predicate offense for RICO, and thus punishable as a class 3 felony under § 13–2312, has created a different crime than that set forth in § 13–3502. As noted herein, there are several elements to the crime of illegally conducting an enterprise through obscenity. Commission of the obscenity offense itself is only one element of that crime. Racketeering organizations can operate through the sale of obscenity just as they operate through any other illegal activity proscribed by § 13–2301. The crime of obscenity may be punished because obscenity itself is not protected by the first amendment. Correspondingly, conducting an illegal enterprise dealing in obscenity is punishable as a greater offense than the lesser crime of obscenity, just as the RICO statutes make many other crimes more serious when effected through racketeering.

### 6. *Conclusion*

In conclusion, we have construed the RICO statutes as they relate to a criminal prosecution involving obscenity, such that they pass constitutional muster and do not have a chilling effect on protected rights. The state's remedies against obscenity under RICO are more limited than the state's remedies against other forms of racketeering activity. These limits are required by the federal and state constitutional rights regarding freedom of speech and press. The state can no more expect to reach protected interests by means of the RICO statutes than it could by means of moral nuisance or obscenity statutes. *Book-Cellar; City of Phoenix v. Fine*, 4 Ariz.App. 303, 420 P.2d 26 (1966). As stated in the dissent in *State ex rel. Collins v. Superior Court [Scott]*: "Abhorrence of obscenity does not outweigh our duty to uphold the constitutional rights of free speech and free press."

Since we conclude that the trial court erred in declaring that obscenity could not be used as a predicate offense for RICO prosecutions, we vacate the trial court's order granting the motion to dismiss Count I of the indictment and remand for further proceedings consistent with this opinion.

EUBANK and FROEB, JJ., concur.