793 P.2d 146

**In the Matter of the Appeal in NAVAJO COUNTY JUVENILE DELINQUENCY ACTION NO. 89–J–099.**

**No. 2 CA–JV 90–0004.**

Court of Appeals of Arizona, Division 2, Department A.

May 31, 1990.

Dale K. Patton, Jr., Navajo County Atty. by Dale P. Nielson, Holbrook, for State.

Bret H. Huggins, Show Low, for minor.

OPINION

ROLL, Presiding Judge.

In an appeal from an adjudication of delinquency, the minor argues that the juvenile court erred in finding beyond a reasonable doubt that the minor engaged in an act of delinquency by throwing a water balloon at a moving vehicle. We affirm.

FACTS

Viewing the evidence in the light most favorable to sustaining the verdict, *Appeal in Pinal County Juvenile Action Nos. J–1123 and J–1124*, 147 Ariz. 302, 306, 709 P.2d 1361, 1365 (App.1985), the facts are as follows. The minor, who was 14 years old at the time of the incident, was with his younger brother and two neighbors, first throwing water balloons at each other, then moving to an embankment off a highway, where the children began to throw balloons at passing vehicles. The minor threw a water balloon at an approaching van occupied by two adults and two children. The driver of the van swerved out of his lane to avoid the balloon. The driver then turned around, got out of his car, apprehended the minor and his younger brother, and called the police. The juvenile testified that he anticipated that the vehicle would swerve to avoid the balloon.

## PROCEDURAL BACKGROUND

The minor was charged with one count of criminal damage and one count of reckless endangerment. At the conclusion of the state's case at the adjudication hearing, a judgment of acquittal was entered on the criminal damage count. At the conclusion of all the evidence, the minor was adjudicated delinquent on the endangerment count.

## ISSUES ON APPEAL

On appeal, the minor argues that the evidence was insufficient to establish that the minor possessed the culpable mental state of recklessness required for endangerment.

## DISCUSSION

 In considering the minor's argument that insufficient evidence exists, we must view the evidence in the light most favorable to sustaining the verdict. *Appeal in Pinal County Juvenile Action Nos. J–1123 and J–1124, supra.*

The minor was adjudicated delinquent based upon a finding that he committed the offense of endangerment in violation of A.R.S. § 13–1201. That statute provides:

§ 13–1201. Endangerment; classification

A. A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury.

B. Endangerment involving a substantial risk of imminent death is a class 6 felony. In all other cases, it is a class 1 misdemeanor.

Recklessly is defined in A.R.S. § 13–105(6)(c) as follows:

(c) "Recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.

In *State v. Serrano,* 145 Ariz. 498, 702 P.2d 1343 (App.1985), this court considered recklessness in the context of criminal trespass. We stated that the state must establish that (1) the conduct poses a risk to others that "is so great that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" and (2) the accused was actually aware of the risk. *Id.* at 501, 702 P.2d at 1346.

Applying the *Serrano* analysis, sufficient evidence exists to support the juvenile court's determination. Objectively, the hurling of water balloons at fast-moving vehicles travelling on state highways constitutes a gross deviation from the standard of conduct a reasonable person would exercise. Proof that the minor was cognizant of the risk caused by his conduct is apparent from the minor's statement that he anticipated that the drivers of the vehicles at which balloons were thrown would swerve, as indeed at least one did. Such spontaneous evasive action places in grave peril not only the occupants of the vehicle taking evasive action but others who may be in the vicinity.

We affirm the juvenile court's decision finding the minor delinquent.

HATHAWAY and HOWARD, JJ., concur.