The majority upholds J.F.C.'s adjudication as a youthful offender for having committed criminal surveillance, determining that § 13A-11-32, Ala. Code 1975, requires only proof that the defendant was engaging in surveillance, not that he saw a person inside the apartment. I respectfully disagree with the majority's analysis, because the statute clearly requires proof that "another person" was observed.
J.F.C. was charged with, and adjudicated guilty of, a violation of a city ordinance that adopts § 13A-11-32, Ala. Code 1975, as a municipal offense. He was seen peering into an apartment window, but, without dispute, there was no evidence that anyone was in the apartment when J.F.C. peered inside. (R. 14-15.) Section 13A-11-32(a) states that a person commits the crime of criminal surveillance if he "intentionally engages in surveillance while trespassing in a private place." Surveillance is defined in § 13A-11-30(3), Ala. Code 1975, as the "[s]ecret observation of the activities of another person for the purpose of spying upon and invading the privacy of the person observed." (Emphasis added.)
The majority states that "it would frustrate the purpose of the statute to hold that it is necessary to prove that the defendant engaging in the surveillance actually saw another person. . . ." It may frustrate the intent of a majority of this Court to so hold, but it would not, in my opinion, frustrate the purpose of the statute. Alabama's statute does, in fact, clearly require proof of the observation of the activities ofanother person, and our application of the statute should be based on the statute's clear language. Any "interpretation" of *Page 603 
this statute and comparison of this statute to that from other jurisdictions is, therefore, unnecessary.
 "`The Supreme Court of Alabama has also consistently stated that "[p]enal statutes are to reach no further in meaning than their words." Clements v. State, 370 So.2d 723, 725 (Ala. 1979), overruled on other grounds, Beck v. State, 396 So.2d 645 (Ala. 1980) (citations omitted). See also State ex rel. Graddick v. Jebsen S. (U.K.) Ltd., 377 So.2d 940, 942 (Ala. 1979) (holding that "penal statutes are to be strictly construed in favor of the persons sought to be subjected to their operation"). . . . Furthermore, "[n]o person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused." Clements, 370 So.2d at 725.'"
Young Oil Co. v. Racetrac Petroleum, Inc., 757 So.2d 380, 383 (Ala. 1999).
The majority attempts to support its interpretation of the statute by comparing Alabama's statute to those from other states. First, this exercise is unnecessary, because Alabama's statute is clear. Second, the statutes used for comparison are dissimilar to ours. The majority notes that the Georgia Court of Appeals has declined to require that the "Peeping Tom" actually observe another person to be guilty of the offense. The Georgia statute, itself, defines a "Peeping Tom" as "a person who peeps through windows or doors . . . for the purpose of spying upon or invading the privacy of the persons spied upon and the doing of any other acts of a similar nature which invade the privacy of such persons." Ga. Code Ann., § 16-11-61. Clearly, the statute makes criminal the very act of spying and the invasion of another's privacy, but does not require the observation of "the activities of another person," as Alabama's statute does.
For the same reason, the majority's reliance on Arizona's statute is misplaced. The relevant portion of § 13-1504(A)(2), Ariz. Rev. Stat., prohibits "looking into the residential structure . . . in reckless disregard of infringing on the inhabitant's right of privacy." As the Arizona Supreme Court noted, the act prohibited by this statute is looking into the structure with the requisite wrongful intent. State v.Serrano, 145 Ariz. 498, 501, 702 P.2d 1343, 1345 (Ariz.Ct.App. 1985). Because Alabama's statute requires observation of "the activities of another person," however, a comparison of Alabama's statute and Arizona's is inapposite.
Although the Alabama Legislature might have intended to make criminal the mere spying into another's residence, I firmly believe that this Court is not at liberty to so interpret the statute when the clear language of the statute, which we are obliged to interpret and apply, does not make mere spying criminal. The statute makes criminal the "[s]ecret observation of the activities of another person," when that observation is accompanied by the requisite criminal intent. Courts are duty bound to strictly construe the terms of legislative mandates; they are not to engage in judicial construction, Ex parte Looney, 797 So.2d 427
(Ala. 2001), even if the outcome of such judicial construction might be more desirable to the courts than the interpretation of a statute's clear meaning. Any change desired in the meaning of the statute is for the Legislature to make.
For the above reasons I believe that the evidence was insufficient to sustain the finding that J.F.C. was guilty of criminal surveillance. Therefore, I respectfully dissent. *Page 604