**UNITED STATES of America**

**v.**

**David WILLIAMS.**

**Crim. No. 81–374.**

United States District Court,
E. D. Pennsylvania.

March 4, 1982.

Peter F. Vaira, Jr., U. S. Atty., James A. Backstrom, Jr., Sp. Asst., Dept. of Justice, Philadelphia, Pa., for plaintiff.

Steven A. Morley, Asst. Public Defender, Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant David Williams (Williams) has appealed from an Order of the Magistrate refusing to return to Williams a handgun which was taken from him in the United States Courthouse in Philadelphia until Williams complies with the conditions set forth in the Magistrate's Order. Williams was tried before the Magistrate and was acquitted of charges that he knowingly violated 41 C.F.R. § 101–20.313 which prohibits the possession of firearms on federal premises by those not engaged in official business. Williams contends that since he was acquitted of the misdemeanor charged, he is entitled to the return of his handgun without fulfilling the conditions imposed by the Magistrate. For the reasons hereinafter set forth, the Court will affirm the Magistrate's Order.

On August 26, 1981, Williams entered the United States Courthouse in Philadelphia with a handgun and sought to pass a security point equipped with a metal detector. Williams informed an officer of the Federal Protective Service that the satchel he was carrying contained a handgun. The officer

asked Williams to produce his license to carry the firearm. A license is required by 18 Pa.C.S.A. §§ 6106, 6108 unless the possessor of the weapon meets certain exceptions, none of which permit an unlicensed person to carry a firearm on federal property.

When Williams failed to produce a license to carry the gun, the officer inquired of the Department of License and Inspection of the City of Philadelphia whether Williams was licensed to carry the weapon. The Department informed the officer that Williams had no license. Thereupon the officer took possession of the weapon and cited Williams for a violation of 41 C.F.R. § 101–20.313 which prohibits possession of firearms on federal premises except for official purposes. Violation of this section constitutes a misdemeanor; maximum punishment for the offense is a $50 fine and 30 days in jail (41 C.F.R. § 101–20.315).

On September 28, 1981, Williams was tried before United States Magistrate Richard A. Powers. Magistrate Powers acquitted Williams of the alleged violation of 41 C.F.R. § 101–20.313, finding that the notice of the regulation posted at the entrance of the Courthouse was inadequate. Since that decision, the Federal Protective Service has placed a more prominent sign describing the prohibition of 41 C.F.R. § 101–20.313 at the entrance to the Courthouse.

During the trial, Williams acknowledged that the handgun was not licensed and that he resided in Philadelphia. He also stated that he had attempted to qualify for a license more than two years ago but had failed the range tests that an applicant must pass in order to obtain a license to carry a weapon. His defense was that he did not know that it was a crime to take the gun into the Courthouse and that, since he was not carrying the gun on his person, he was not in violation of the state license requirements.

At trial, Williams also stated that he acquired the gun for his personal protection at his place of employment, Century Parking Garage, 249 South 6th Street, Philadelphia, owned and managed by one Martin Weinberg. Williams stated that, as an attendant at the garage, he was responsible for large sums. of money during the course of his employment.

After trial, Williams filed a petition for return of the gun, a .25 Bereta Jeffire, which has remained in the custody of the Federal Protective Service since August 29, 1981. Magistrate Powers held a hearing on this request on December 10, 1981. That day, Magistrate Powers entered an Order granting Williams' request upon the following conditions:

1. Martin Weinberg, the defendant's employer, must file an affidavit with the Court verifying the testimony of Mr. Williams as to his duties and that he, Martin Weinberg, requires the weapon for protection of the funds on the premises of his parking facility, and that Mr. Williams, in his duties, should be protected by possessing the weapon.

2. The weapon is to remain on the premises except when Mr. Williams again takes the licensing test which should be done as soon as possible. Mr. Weinberg will insure that defendant does take the test and advise the Court accordingly within thirty (30) days of the date that defendant is qualified.

3. The weapon will be returned provided Mr. Weinberg appears personally at the office of the Federal Protective Service with Mr. Williams and accepts possession of the weapon for him and returns it to the garage.

Title 18 of the Consolidated Statutes of Pennsylvania, Section 6106 states:

No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor. . . .

Several exceptions to this statute are listed in 18 Pa.C.S.A. § 6106(b). Subsection 6106(b)(6) exempts from the license requirement

(6) Agents, messengers and other employees of common carriers, banks, or business firms, whose duties require them

to protect moneys, valuables and other property in the discharge of such duties. Williams had not contended that any other exception in the statute applies to him.

Section 6108 of 18 Pa.C.S.A., entitled "Carrying firearms on public streets or public property in Philadelphia", states:

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title

. . . .

Section 6109, 18 Pa.C.S.A. provides:

The chief or head of any police force or police department of a city, and, elsewhere, the sheriff of a county, may, upon the application of any person, issue a license to such person to carry a firearm in a vehicle or concealed on or about his person within this Commonwealth for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so licensed.

The City of Philadelphia, pursuant to 18 Pa.C.S.A. §§ 6108, 6109, has established a licensing procedure that, in addition to requiring applicants to show good reason for carrying a firearm, requires applicants to successfully pass written and range tests in order to obtain a license. Williams attempted to satisfy these requirements in 1978 but was unsuccessful. According to this record, he has not since attempted to obtain a license.

Thus, it is uncontradicted that Williams, if he were to regain his weapon, would be violating two state statutes unless his duties at the parking garage required him, as a condition of his employment, to protect valuables. To ensure that Williams meets this exception of 18 Pa.C.S.A. § 6106(b) and 18 Pa.C.S.A. § 6108(2), Magistrate Powers established minimal conditions for the re-turn of Williams' firearm. It is also uncontradicted that Williams has not met those minimal conditions. Rather than comply with the Magistrate's Order, a task that should be simple if Williams' employer does in fact require him to protect valuables at the garage, Williams has appealed the Order.

Williams contends that property seized as evidence must be returned after the criminal proceedings to which the property relates have ended unless the property is subject to forfeiture. The United States has not formally moved for forfeiture of the gun. Generally, property used as evidence in a criminal trial must be returned after the close of proceedings unless the property is contraband. *United States v. Wright*, 610 F.2d 930, 935 (D.C.Cir.1979). Similarly, an acquittal of the crime charged generally bars forfeiture of the property involved in the alleged crime. *Bramble v. Kleindienst*, 357 F.Supp. 1028 (D.Colo.1973).

However, in this case, Williams' acquittal was based on lack of notice, not upon any finding that his possession of the weapon was legal. In fact, the record clearly indicates that his possession of the weapon was unlawful. *Black's Law Dictionary* defines contraband as "any property which is unlawful to produce or possess." By this definition, and any other reasonable definition of contraband, Williams' firearm constitutes contraband unless he falls within an exception to the state statute. Until Williams makes this showing, the record indicates that the property is contraband and may thus be retained by federal authorities. *See United States v. Jeffers*, 342 U.S. 48, 54, 72 S.Ct. 93, 96, 96 L.Ed. 59 (1951).

Title 49, U.S.C. § 781, *et seq.* deals specifically with seizure and forfeiture of carriers transporting contraband articles and defines a contraband article as "any firearm, with respect to which there has been committed any violation of any provision of the National Firearms Act or any regulations issued pursuant thereto." 49 U.S.C. § 781(b)(2). While neither the National Firearms Act (now embodied in various sections of the United States Code) nor the

contraband seizure statute is directly implicated in this case, the policies embodied in these laws indicate that the federal courts would be remiss in returning to Williams a weapon whose possession by him would constitute a crime under the laws of Pennsylvania.

In *United States v. Premises Known as 608 Taylor Avenue*, 584 F.2d 1297 (3d Cir. 1978), the Third Circuit stated:

> If the government's retention [of the property] is unreasonable considering all circumstances, the district court should order the return of the seized property.

584 F.2d at 1304. The clear implication of the Third Circuit's decision is that the government may retain properly seized property if the retention is reasonable. As the Court said in *608 Taylor Avenue*:

> [I]n evaluating retention of seized property, a court must weigh the interests of the government in holding the property against the owner's rights to use the property.

584 F.2d at 1302. *See also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Wright*, 610 F.2d 930 (D.C.Cir.1979); *United States v. LaFatch*, 565 F.2d 81 (6th Cir. 1977), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978). A balancing of interests in the instant case weighs in favor of the government. Williams, unless he can show he meets the exception of 18 Pa.C.S.A. § 6106(b)(6), has no right to the return of the gun as he would then be in violation of state law. The government has a strong interest in not aiding Williams in breaking the law. It is entitled to retain the weapon for a reasonable time to give Williams the opportunity to comply with the Magistrate's Order. If Williams does not comply with the Order within a reasonable time, the government may consider the property abandoned contraband.

Unless Williams qualifies for an exception to the state firearms act, the return of his weapon would involve the federal government in the aid of a crime. Magistrate Powers' Order prudently sought to avoid this result by requiring Williams to show that he did in fact meet the licensing exception of 18 Pa.C.S.A. § 6106(b)(6). The requirements set forth in the Magistrate's Order are reasonable in light of the circumstances of this case. Upon careful and independent review of the Magistrate's Order of December 10, 1981, this Court finds no reason to modify that Order.

As of this date, nearly three months have passed and Williams has not demonstrated any attempt to comply with the Magistrate's Order, nor has he filed with the Magistrate a motion setting forth any change in circumstances that makes it impossible for him to comply with the Magistrate's Order in order to obtain the return of his gun. For the reasons heretofore determined, the Magistrate's Order will be affirmed. An appropriate order will be accordingly entered.