798 P.2d 410
**STATE of Arizona, Appellant,**

v.

**Jeff IVANHOE, Appellee.**

**No. 1 CA–CR 88–1319.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 6, 1990.

Richard M. Romley, Maricopa County Atty. by David R. Cole and H. Allen Gerhardt, Deputy County Attys., Phoenix, for appellant.

Richard J. Hertzberg, Phoenix, for appellee.

**OPINION**

McGREGOR, Judge.

The issue in this case is whether a sole proprietorship is an enterprise with which its proprietor can associate within the meaning of section 13–2312.B of Arizona's racketeering act, A.R.S. §§ 13–2301 through –2317 (the racketeering act).

**I.**

Appellee Jeff Ivanhoe (defendant) was charged by indictment with one count of illegal control of an enterprise. *See* A.R.S. § 13–2312.B. Count one of the indictment alleged:

> Between April 18, 1988 and April 27, 1988, JEFF M. IVANHOE, associated with an enterprise, to-wit: "Proud Video", knowingly conducted or participated in the conduct of the affairs of the enterprise through racketeering, to-wit: renting allegedly obscene video cassette tapes entitled "Never So Deep" and "For Those Who Want More Than X"; in violation of A.R.S. §§ 13–2312(B), 13–2301, 13–701, 13–702, 13–801 and 13–812.

Defendant owns Proud Video, a sole proprietorship, with three locations at which videotapes are rented. Three co-defendants, named in counts two through five of the indictment, work at Proud Video as defendant's employees.[1]

Defendant moved to dismiss count one, arguing that because Proud Video could not constitute an "enterprise" under the racketeering act, the state could not establish an essential element of the offense charged. The trial court agreed and dismissed count one of the indictment.

The state timely appealed from the dismissal. We have jurisdiction pursuant to A.R.S. § 12–2101.B. We affirm the judgment of the trial court.[2]

1. Counts two through five of the indictment charged defendant and various of the co-defendants with four specific acts of renting obscene items. None of those counts is at issue in this appeal.

2. Defendant argues that we should affirm the judgment even if the trial court erred in concluding that Proud Video could not be an enterprise. Because we agree with the trial court, we do not address defendant's alternative arguments.

II.

Our analysis of whether the indictment alleged the existence of an enterprise within the meaning of the racketeering act begins with a consideration of the statutory language. *See State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983) (the most reliable indication of legislative intent is the language of the statute). Because Arizona adapted its racketeering act from the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 through 1968 (RICO), we also "look to federal decisional law for guidance in construing and applying the Arizona statute." *Baines v. Superior Court,* 142 Ariz. 145, 148, 688 P.2d 1037, 1040 (App.1984). We are mindful, however, that significant differences exist between Arizona's racketeering act and RICO. We presume that the legislature was aware of those differences and deliberately chose to depart from the federal statutory scheme in some instances. *See Pickrell,* 136 Ariz. at 596, 667 P.2d at 1311.

Count one of the indictment alleged a violation of A.R.S. § 13–2312.B, which provides:

A person commits illegally conducting an enterprise if such person is employed or associated with any enterprise and conducts or participates in the conduct of such enterprise's affairs through racketeering.

The state must therefore allege and prove the existence of an enterprise to establish an offense under section 13–2312.B. *See Baines,* 142 Ariz. at 149, 688 P.2d at 1041.

A.R.S. § 13–2301.D.2 defines "enterprise" as

any corporation, partnership, association, labor union, or other legal entity or any group of persons associated in fact although not a legal entity.

Defendant argues that the statute cannot apply to a situation in which identity exists between a defendant and the enterprise with which the defendant allegedly associated. Defendant contends that a person can no more associate with himself than he can conspire with himself. *See*

*McCullough v. Suter,* 757 F.2d 142, 144 (7th Cir.1985).

In support of his position, defendant relies upon a long line of federal decisions holding that a corporation charged as defendant pursuant to 18 U.S.C. § 1962(c), the federal counterpart to section 13–2312.B, cannot also be the related enterprise. In *Haroco, Inc. v. American Nat'l Bank & Trust,* 747 F.2d 384, 400 (7th Cir.1984), *aff'd on other grounds,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), the court explained:

[W]e focus our attention on the language in section 1962(c) requiring that the liable person be "employed by or associated with any enterprise" which affects interstate or foreign commerce. The use of the terms "employed by" and "associated with" appears to contemplate a person distinct from the enterprise. If Congress had meant to permit the same entity to be the liable person and the enterprise under section 1962(c), it would have required only a simple change in language to make that intention crystal clear.

All federal courts of appeals that have considered the issue, save one, have concluded that the enterprise and the named defendant must be distinct entities. *See, e.g., Yellow Bus Lines v. Drivers, Chauffeurs, & Helpers Local Union 639,* 883 F.2d 132, 140 (D.C.Cir.1989); *Schofield v. First Commodity Corp.,* 793 F.2d 28, 30–31 (1st Cir.1986); *Bennett v. United States Trust,* 770 F.2d 308, 315 (2d Cir.1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Haroco,* 747 F.2d at 399–402; *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir.1984). *But see United States v. Hartley,* 678 F.2d 961, 989–90 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983) *and* 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983).

We find persuasive the reasoning of those courts that have interpreted the federal counterpart to section 13–2312.B as requiring an enterprise distinct from the defendant. The language of section 13–2312.B, like that of its federal counterpart,

clearly contemplates two distinct entities. Indeed, if the legislature had not intended to require distinct entities, it would have had no reason to include the requirement that the defendant be "employed or associated with" an enterprise. The legislature could easily have changed the language of the statute to eliminate reference to separate entities had that been its intention. We conclude, therefore, that section 13–2312.B requires that the defendant and the enterprise be distinct entities.

Defendant's decision to conduct business under the name Proud Video did not create an entity distinct from defendant:

> The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.

*Duval v. Midwest Auto City*, 425 F.Supp. 1381, 1387 (D.Neb.1977), *aff'd*, 578 F.2d 721 (8th Cir.1978). *See also Thomas v. Colvin*, 592 P.2d 982, 983 (Okla.App.1979). Because defendant and his sole proprietorship are the same entity in fact and law, *see McCullough*, 757 F.2d at 144, the indictment failed to allege the existence of an enterprise distinct from defendant.

The state argues, however, that when the enterprise is a sole proprietorship employing others and the defendant is the proprietor, the enterprise is distinct from the defendant. Several federal courts have concluded that, if a sole proprietor named as defendant employs others, his business is sufficiently distinct from him to be an enterprise within the meaning of 18 U.S.C. § 1962(c). *See United States v. Benny*, 786 F.2d 1410, 1416 (9th Cir.1986), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986); *McCullough*, 757 F.2d at 144. We do not find those decisions persuasive.

Our departure from the reasoning of *Benny* and *McCullough* results in part from our analysis of the statutory language. A significant difference between RICO and the Arizona racketeering act leads us to conclude that the Arizona legislature did not intend to include a sole proprietorship within the definition of enterprise. In enacting RICO, Congress defined "enterprise" to include an "individual." *See* 18 U.S.C. § 1961(4). The Arizona legislature, in contrast, adopted a definition of enterprise that, while identical in all other respects to that used in RICO, excludes "individual." *See* A.R.S. § 13–2301.D.2. If an individual cannot be an enterprise under Arizona's racketeering act, then neither can a sole proprietorship, which has no existence apart from the individual. *See Duval*, 425 F.Supp. at 1387. To find otherwise would ignore the difference between the federal and state statutes.

In addition, the federal decisions upon which the state relies proceed from the erroneous assumption that a sole proprietorship is a "recognized legal entity." *See Benny*, 786 F.2d at 1415; *McCullough*, 757 F.2d at 143. We note first that *McCullough*, relied upon by later decisions, is internally inconsistent. There the court first states, without citation to authority, that a sole proprietorship is a recognized legal entity, but later acknowledges that "the man and the proprietorship really are the same entity in law and fact." *McCullough*, 757 F.2d at 143, 144. We believe the latter statement correctly states the law. *See Duval*, 425 F.Supp. at 1387.

We also do not believe that the legislature intended to expand by implication the potential criminal liability of those who are "employed" by their own businesses. Substantial question exists whether a sole proprietor could reasonably foresee he would subject himself to the increased penalties of the racketeering act simply by choosing to do business under a name that has no legal significance. The interpretation we adopt avoids the potential due process problems raised by a broader interpretation of the statute. *See United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954).

The state contends that our approach will permit a "group of gangsters" to escape the clutches of the racketeering statutes "just by avoiding the corporate form, the partnership, or other forms of association named explicitly in [the definition of enterprise]." *McCullough*, 757 F.2d at 143, 144. The answer to that argument, of course, is that it is for the legislature, not this court, to determine whether a particular entity comprises an enterprise within the reach of the racketeering act. The fact that a statute does not reach all imaginable groups provides no justification for this court to rewrite the statute. That is a legislative function.

### III.

The state also argues that, even if a sole proprietorship standing alone cannot constitute an enterprise, we should regard Proud Video as a group comprised of defendant and his employees. That group, the state argues, is a "group of persons associated in fact although not a legal entity" and therefore constitutes an enterprise. *See* A.R.S. § 13–2301.D.2. Courts that have considered whether the same person can be the defendant and one of a group of persons associated in fact have reached inconsistent results. *Compare United States v. Perholtz*, 842 F.2d 343, 353 (D.C.Cir.1988) (person named as defendant could associate with other individuals and corporations to form an enterprise, i.e., an association in fact), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988), *with Entre Computer Centers v. FMG of Kansas City, Inc.*, 819 F.2d 1279, 1287 (4th Cir.1987) (corporation named as defendant could not combine with other entities to form an enterprise), *overruled on other grounds, Busby v. Crown Supply*, 896 F.2d 833 (4th Cir.1990). We do not resolve this issue, however, because the indictment did not allege an association in fact as an enterprise, and the state failed to raise the argument in the trial court. "[O]nly issues presented in superior court are preserved for review; all others are waived." *State v. McNeill*, 146 Ariz. 568, 569, 707 P.2d 972, 973 (App.1985).

### IV.

For the foregoing reasons, we affirm the judgment dismissing count one of the indictment.

CONTRERAS, P.J., and GERBER, J., concur.