Pat TONNEMACHER and Charles B. Ackerman, individually and as representatives of a class, Plaintiffs,

v.

Timothy L. SASAK and Paula Sasak, husband and wife; et al., Defendants.

CIV 89–0201–PHX–SMM.

United States District Court, D. Arizona.

Feb. 28, 1994.

Joseph W. Bell, Fredrick P. Furth, Daniel S. Mason, Brien Kirk, Furth Fahrner & Mason, San Francisco, CA, R. Chip Larsen, James J. Farley, Farley Robinson & Larsen, Mesa, AZ, for Pat Tonnemacher and Charles B. Ackerman.

David W. Dow, Robert Clifford Hackett, John R. Hoopes, Mohr Hackett Pederson Blakley, Randolph & Haga, PC, Phoenix, AZ, for Anchor Nat. Financial Services, Inc., Sunamerica and Broad, Inc.

David B. Rosenbaum, Edwin F. Hendricks, Catherine O'Grady, Meyer Hendricks Victor Osborn & Maledon, PA, Phoenix, AZ, for McDermott, Will & Emery.

David Lawrence Abney, Dan M. Durrant, Streich Lang, PA, Hal Michael Clyde, Michael W. Patten, Lynne Christensen Adams, Charles Buren Cliett, Jr., Carol A. Colombo, Brown & Bain, PA, Phoenix, AZ, for Touche, Ross & Co.

Kathleen Coughenour DeLaRosa, Jennings Kepner & Haug, Craig R. Kepner, Michael John Raymond, Raymond Greer & Sassaman, PC, Phoenix, AZ, for Alexander Koller, J. Patrick McCarthy and Richard R. Morrow, III.

Larry G. Haddy, Larry G. Haddy, Ltd., Phoenix, AZ, Curtis D. Smith, Moss & Barnett, P.A., Minneapolis, MN, for Creative Equity Resources, Inc.

David G. Burlingame, Denver, CO, Neil Vincent Wake, Nancy G. Oyen, Law Offices of Neil Vincent Wake, Phoenix, AZ, for Multi-Financial Securities.

Tom Galbraith, Jenae Rose Naumann, Lewis & Roca, Phoenix, AZ, for Washington Life.

Lawrence E. Wilk, Leon Benjamin Silver, Bonnie Lee Booden, Jaburg & Wilk, PC, Phoenix, AZ, for James C. Sell.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

Defendant Touche Ross & Co. (Touche) has moved for summary judgment on Counts Three and Eight of the Amended Complaint. Touche's motion is based upon the United States Supreme Court's decision earlier this year in *Reves v. Ernst & Young*, ⸺ U.S. ⸺, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). For the reasons set forth below, the motion for summary judgment is granted.

## I. BACKGROUND

In this class action, Plaintiffs represent the purchasers of limited partnership interests in two registered public offerings: the Avanti Associates First Mortgage Fund 84 Limited Partnership and the Avanti Associates First Mortgage Fund 85 Limited Partnership (both collectively referred to as the "Funds"). Both Funds and several other Avanti entities hired Touche to provide services as an independent, outside accounting firm.

As alleged in the Amended Complaint, Touche and numerous other Defendants engaged in a fraudulent scheme to obtain money by deception through the issuance and sale of the limited partnership units. Included among the Plaintiffs' claims against Touche are alleged violations of the federal racketeering laws (Count Three) and violations of state racketeering laws (Count Eight).

Because of the Supreme Court's decision in *Reves* that "one must participate in the operation or management of the enterprise" to be liable under federal law for conducting or participating in the enterprise's affairs through a pattern of racketeering, Touche has moved for summary judgment. *Reves*, ⸺ U.S. at ⸺, 113 S.Ct. at 1173. Touche argues that its performance of outside, independent accounting services for the Avanti entities is insufficient to impute racketeering liability under the standard applied in *Reves*. Similarly, Touche contends that Plaintiffs' state racketeering claims based on section 13-2312(B) of the Arizona Revised Statutes, which follows the language of the involved federal statute, section 1962(c) of Title 18 of the United States Code, should be dismissed for the same reasons.

## II. STANDARD OF REVIEW

The Court must grant summary judgment if the pleadings and supporting

documents, viewed in the light most favorable to the nonmoving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Substantive law determines which facts are material. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The dispute must also be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2553. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Id.* at 317, 106 S.Ct. at 2552. The party opposing summary judgment "may not rest upon the mere allegations or denials of [that party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

## III. DISCUSSION

The Amended Complaint alleges that Touche violated various provisions of federal and state racketeering laws.

### A. Count Three

In Count Three, the Plaintiffs allege that all Defendants, including Touche, violated provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), codified at 18 U.S.C. §§ 1961–1968. Specifically, the Plaintiffs claim that the Defendants "conducted, participated in, and/or recklessly tolerated the activities of [others] ... in the conduct of the affairs of the enterprise

through a pattern of racketeering activity, all in violation of 18 U.S.C. 1962(c)." (Am. Compl. ¶ 174.) The Complaint further states: "By virtue of their deliberately concerted actions in violating 18 U.S.C. Section 1962(c) as alleged in the paragraphs above, Defendants have also violated 18 U.S.C. Section 1962(d), which makes it 'unlawful for any person to conspire to violate any of the provisions' of Section 1962." (Am.Compl. ¶ 177.)

### 1. Section 1962(c)

Section 1962(c) of Title 18 of the United States Code makes it unlawful for "any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To be liable under this provision, a person must actually "participate in the operation or management of the enterprise itself." *Reves,* —— U.S. at ——, 113 S.Ct. at 1173.

In *Reves,* the Supreme Court stated that an accounting firm's performance of accounting services for a client did not amount to participation in the client's business. *Id.* at ——–——, at 1173–74. Although the accounting firm prepared audit reports, met with the board of directors to explain the audits, failed to inform the board of critical conclusions made during the audit that affected the solvency of the company, and distributed condensed financial statements at annual meetings that omitted important information, the Count found no RICO liability under section 1962(c). *Id.* at ——–——, 113 S.Ct. at 1167–68. Consequently, the Court affirmed summary judgment dismissing the plaintiffs' claims against the accounting firm. *Id.* at ——, 113 S.Ct. at 1174.

Whether accounting services are performed competently or incompetently, properly or improperly, is irrelevant to the *Reves* analysis. *See Baumer v. Pachl,* 8 F.3d 1341, 1344 (9th Cir.1993) (finding that an attorney's involvement in the preparation of a partnership agreement and several letters and his assistance in a bankruptcy proceeding were insufficient to impute liability under section 1962(c) as interpreted in *Reves* ).

Nor is it material that the provided services were important and indispensable to the enterprise. Under such circumstances, the provider is still not subject to RICO liability. *University of Maryland v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539 (3d Cir. 1993).

■ In the instant case, Plaintiffs have not alleged that Touche or any of its employees were involved in the operation or management of the Avanti entities. (Am.Compl. ¶¶ 22, 67, 69–110.) None of Touche's employees ever served as an officer, director, partner, or employee of any Avanti entity. (Def. SOF ¶ 3.) Rather, the Complaint states that Touche acted as independent auditor for the Funds (*E.g.,* Am.Compl. ¶¶ 69, 78, 110.) In fact, the Plaintiffs' entire explanation of Touche's role in the alleged misconduct concerns auditing activities and other financial services. (Am.Compl. ¶¶ 69–110.)

Although the Plaintiffs contend that Touche did participate in the operation of the Avanti entities (Pls SOF ¶¶ 5–30), the activities described by the Plaintiffs consist of auditing and other accounting functions. For example, the Plaintiffs state that Touche proposed a service plan (*Id.* ¶ 6), sent engagement letters (*Id.* ¶ 7), audited and reviewed partnerships and personal financial statements (*Id.* ¶ 8), and participated in conferences concerning revisions to Fund prospectus performance tables (*Id.* ¶ 10). Reviewing the evidence in the Plaintiffs' favor, the facts show that Touche's role with Avanti was limited to performing auditing and other accounting services. Such activity is insufficient to satisfy the *Reves* test for RICO liability.

Based upon the evidence presented and applying the standard set forth in *Reves,* Touche was not involved in the operation or management of the Avanti entities. Accordingly, Touche has no liability to the Plaintiffs for violations of section 1962(c) and is entitled to summary judgment on this claim.

**2. Section 1962(d)**

Section 1962(d) provides that it is unlawful for any person to conspire to violate any of the three substantive provisions of section 1962. The conspiracy alleged in the Amended Complaint involves a conspiracy to violate section 1962(c), in other words, a conspiracy to conduct or participate in an enterprise's affairs through a pattern of racketeering activity.

■ To establish a conspiracy under section 1962(d), a plaintiff must prove an agreement involving either a violation of a substantive provision of RICO or a violation of two predicate offenses. *United States v. Tille,* 729 F.2d 615, 619 (9th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). When a plaintiff fails to allege the requisite substantive elements of RICO, however, a conspiracy cause of action cannot stand. *Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367 n. 8 (9th Cir.1992). A conspiracy to violate RICO also "requires a showing that the defendant 'was aware of the essential nature and scope of the enterprise and intended to participate in it.'" *Baumer,* 8 F.3d at 1346 (quoting *United States v. Muskovsky,* 863 F.2d 1319, 1324 (7th Cir. 1988), *cert. denied,* 489 U.S. 1067, 109 S.Ct. 1345, 103 L.Ed.2d 813 (1989)).

As noted above, pursuant to *Reves,* Touche did not conduct or participate in the business of the Avanti entities. Thus, the Plaintiffs have failed to establish the requisite substantive elements of a section 1962(c) offense with respect to Touche. Plaintiffs still allege, however, the elements of a RICO conspiracy against other defendants.

■ In a conspiracy to violate RICO, a plaintiff need not show that each defendant actually committed the substantive offense. *See United States v. Brooklier,* 685 F.2d 1208, 1220 (9th Cir.1982), *cert denied,* 459 U.S. 1206, 103 S.Ct. 1194, 1195, 75 L.Ed.2d 439 (1983). The plaintiff must simply show that each defendant agreed to do so. *Tille,* 729 F.2d at 619. Generally, a person may conspire with others to commit an offense that the person alone is incapable of committing. *See Gebardi v. United States,* 287 U.S. 112, 120–21, 53 S.Ct. 35, 37, 77 L.Ed. 206 (1932). "To hold that under § 1962(d) a plaintiff must show that an alleged coconspirator was capable of violating the substantive offense under § 1962(c), that is, that he participated to the extent required by *Reves,*

'would add an element to RICO conspiracy that Congress did not direct.'" *Jones v. Meridian Towers Apartments, Inc.*, 816 F.Supp. 762, 773 (D.D.C.1993) (quoting *United States v. Pryba*, 900 F.2d 748, 760 (4th Cir.), *cert. denied*, 498 U.S. 924, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990)). Thus, if the Plaintiffs can establish that Touche intended to participate in a RICO conspiracy, Touche may be liable under section 1962(d) regardless of whether Touche committed the substantive RICO offense.

 Plaintiffs, however, have failed to make any showing to establish that Touche participated in the alleged conspiracy. Plaintiffs presented no evidence that Touche knew about, or agreed to participate in, any racketeering scheme. In their Statement of Facts, Plaintiffs describe numerous accounting services performed by Touche. (*E.g.*, Pls. SOF ¶ 7.) Plaintiffs further note that Touche participated in conferences (*Id.* ¶ 10), suspected fraudulent activity (*Id.* ¶ 15), questioned certain transactions and ultimately refused to issue an unqualified opinion on Fund financial statements because documentation was lacking on those transactions (*Id.* ¶¶ 19, 21), had knowledge of misstatements in a letter Defendant Sasak, who controlled the Funds, sent to investors (*Id.* ¶ 26), and was dissatisfied with appraisal information (*Id.* ¶ 27). In May 1986, Sasak decided not to continue to use Touche's services and hired another accountant. (Am.Compl. ¶ 108; Pls. SOF ¶ 29.) Touche then informed the new accountant of the problems Touche had in completing its audit. (Pls. SOF ¶ 29.)

None of this conduct demonstrates the existence of a conspiracy to violate RICO. There is simply no evidence of any conspiratorial agreement between Touche and any of the other Defendants. Plaintiffs made no showing that Touche intended to participate in such criminal conduct. Without evidence

of a conspiracy, Plaintiffs have no cause of action against Touche for a violation of section 1962(d). Accordingly, Touche is entitled to summary judgment on this claim.

**B. Count Eight**

In Count Eight of the Amended Complaint, the Plaintiffs allege violations of Arizona's racketeering laws. The Plaintiffs claim that Touche and the other Defendants committed acts of racketeering based upon (1) fraud in the sale of securities, a violation of section 13–2301(D)(4)(r) of the Arizona Revised Statutes, and (2) a scheme or artifice to defraud, a violation of section 13–2301(D)(4)(t). Additionally, the Plaintiffs allege that the Defendants violated section 13–2312(B), which prohibits a person employed or associated with an enterprise from conducting or participating in the conduct of the enterprise's affairs through racketeering. Touche's motion for partial summary judgment only pertains to the alleged section 13–2312(B) violation.

 Because Arizona's section 13–2312(B) closely parallels section 1962(c) of the federal RICO statutes, Touche argues that the Supreme Court's decision in *Reves* also negates Plaintiffs' state claim against Touche. Responding that *Reves* is not dispositive of their state claim, Plaintiffs argue that Arizona's racketeering statutes, which are broader in purpose and scope than the federal RICO statutes, should not be construed based upon judicial interpretations of federal law.

 Section 13–2312(B)[1] of the Arizona Revised Statutes was adapted from section 1962(c) of Title 18 of the United States Code. *See Baines v. Superior Court*, 142 Ariz. 145, 688 P.2d 1037, 1940 (Ct.App.1984). When interpreting state statutes, Arizona courts often rely upon the federal courts. In the absence of relevant state cases, Arizona

---

1. Section 13–2312 was amended in 1990 and again in 1993. Ch. 366, § 4, 1990 Ariz.Laws; ch. 255, § 35, Ariz.Laws 1993. The 1990 amendments narrowed the scope of section (B), while the 1993 amendments made no changes to that section. Under Arizona law, the 1990 amended version of section 13–2312(B) is probably applicable to the Plaintiffs' claims because the claims are based on a statutory cause of

action. *E.g., Brown Wholesale Elec. Co. v. H.S. Lastar Co.*, 152 Ariz. 90, 730 P.2d 267, 271–73 (Ct.App.1986) (right conferred by statute can be taken away by amendment prior to final judgment). In the instant case, the difference between original and amended versions of the statute is immaterial to the Court's analysis of the statute as applied to Plaintiffs' claims.

courts will look to federal law for guidance when construing and applying Arizona's racketeering statutes. *See id.* Similarly, when considering state securities law, the Arizona Supreme Court has indicated its preference to follow the opinions of the United States Supreme Court interpreting federal statutes that are identical or similar to the state statutes, unless a good reason exists for not doing so. *State v. Gunnison,* 127 Ariz. 110, 618 P.2d 604, 606–07 (1980) (en banc).

As the Plaintiffs state, Arizona courts have, on occasion, declined to follow interpretations of federal RICO law. For example, in *State ex rel. Corbin v. Pickrell,* the court rejected several lower federal court opinions requiring a special "racketeering injury" as distinguished from an injury from the predicate offense. *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 667 P.2d 1304, 1310 (1983) (en banc). In *Corbin,* the court explained that the many federal interpretations "reached many different results." *Id.* Because of the variety of federal opinions on the issue and significant differences between the state and federal statutes that made a state special injury requirement inappropriate, the *Corbin* court expressed good reason for not following some of the federal decisions.

When discussing the elements of section 13–2312, the *Corbin* court stated that a plaintiff seeking relief must establish injury based upon the defendant's control or conduct of an enterprise by racketeering. *Id.* To determine whether a defendant controlled or conducted an enterprise by racketeering, this Court finds no reason not to apply the holding of *Reves.* Unlike the *Corbin* situation, federal precedent on this issue is clear. Further, Plaintiffs have not provided good reasons for ignoring the opinions by Arizona state courts in *Baines* and *Gunnison,* which direct this Court to look to federal law for guidance when interpreting a state racketeering statute.

Thus, because Plaintiffs have failed to make the requisite *Reves* showing to establish that Touche participated in the operation or management of an enterprise, Touche is entitled to summary judgment on the Plaintiffs' section 13–2312(B) claim.

## IV. CONCLUSION

The evidence viewed in the Plaintiffs' favor presents no triable issues of material fact on the allegation that Touche violated sections 1962(c) and (d) of Title 18 of the United States Code and section 13–2312(B) of the Arizona Revised Statutes. Accordingly, Touche is granted summary judgment on these claims only.

**IT IS HEREBY ORDERED** that Defendant Touche's Motion for Partial Summary Judgment Based on *Reves,* filed June 17, 1993 (# 497) is GRANTED. Touche is granted summary judgment on the claims in Count Three involving sections 1962(c) and (d) of Title 18 of the United States Code and on the claims in Count Eight involving section 13–2321(B) of the Arizona Revised Statutes.