**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS MANUEL MORAN, | No. 19-17503 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00613-JGZ |
| v. | |
| THOMAS E. HIGGINS, Attorney, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jesus Manuel Moran appeals pro se from the district court's summary judgment in his diversity action alleging state law claims against his former attorney. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *JL Beverage*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016).  We affirm.

The district court properly granted summary judgment for defendant because Moran failed to raise a genuine dispute of material fact as to whether defendant's conduct was the proximate cause of any injury.  *See Glaze v. Larsen*, 83 P.3d 26, 29 (Ariz. 2004) (en banc) (elements of a legal malpractice claim); *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 412 (Ariz. Ct. App. 2014) (elements of a fraud claim); *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) (elements of an unjust enrichment claim); *Baines v. Superior Court*, 688 P.2d 1037, 1041 (Ariz. Ct. App. 1984) (elements of a claim under Arizona's racketeering statute); *see also* Ariz. Rev. Stat. § 13-2314.04(A) (permitting private cause of action for racketeering claim).

The district court did not abuse its discretion by refusing to deny defendant's cross motion for summary judgment on the basis of defendant's failure to adhere to the local rules.  *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review for district court's compliance with its local rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**